**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Naazneen Khan*
*Assistant United States Attorney*

*Ryan O'Neill*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 353-6016*
*Facsimile: (973) 645-4546*

SINGH PL AGRMT
USAO2016R00372

January 17, 2020

Jeffrey Lichtman, Esq.
11 E. 44th Street, Suite 501
New York, NY 10017

Re: Plea Agreement with DHANANJAY PRETAP SINGH, a/k/a "Nitin Singh"

Dear Mr. Lichtman:

This letter sets forth the plea agreement between your client, DHANANJAY PRETAP SINGH, a/k/a "Nitin Singh" ("SINGH"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 7, 2020.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from SINGH to a two-count Information charging him with: conspiring to commit mail fraud, contrary to Title 18, United States Code, Sections 1341 and 2, in violation of Title 18, United States Code, Section 1349 (Count One), and conspiracy to commit the interstate transfer of stolen property, contrary to Title 18, United States Code, Section 2314, in violation of Title 18, United States Code, Sections 371 and 2 (Count Two). If SINGH enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against SINGH for, from in or around June 2013 through in or around June 2019, conspiring to defraud cellular telephone companies on the basis of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs,

signals, pictures, and sounds, and the unlawful transport, transmit, and transfer in interstate and foreign commerce from multiple states these stolen cellular telephones, of the value $5,000.00 or more, knowing the same to have been stolen, converted, and taken by fraud. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SINGH agrees that any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SINGH may be commenced against him, notwithstanding the expiration of the limitations period after SINGH signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which SINGH agrees to plead guilty carries a statutory maximum term of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 371 to which SINGH agrees to plead guilty carries a statutory maximum term of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon SINGH is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence SINGH ultimately will receive.

Further, in addition to imposing any other penalty on SINGH, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order SINGH to pay an assessment of $100 per count, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., must order SINGH to pay restitution; (3) pursuant to 18 U.S.C. § 982(a)(2), must order forfeiture; (4) may order SINGH, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 21 U.S.C. § 3583, may require SINGH to serve a term of supervised release of not more than three years, which term of

supervised release will begin at the expiration of any term of imprisonment imposed. Should SINGH be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SINGH may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, SINGH agrees to pay restitution of $10,673,751.32 for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SINGH by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SINGH's activities and relevant conduct with respect to this case.

Stipulations

This Office and SINGH agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SINGH from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond

to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and SINGH waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

SINGH agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), SINGH will consent to the entry of a forfeiture money judgment in the amount of $10,673,751.32 in United States currency (the "Forfeiture Money Judgment"), representing proceeds obtained by SINGH, but which can no longer be located because of the acts or omissions of SINGH.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the U.S. Department of the Treasury. On or before the date he enters his guilty plea pursuant to this agreement, SINGH shall cause such check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If SINGH fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, SINGH consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, SINGH consents to the entry of a judgment of forfeiture that will be final as to the defendant prior to the defendant's sentencing and any further orders that may be necessary to enforce the Forfeiture Money Judgment; and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SINGH understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

SINGH hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

This Office will recommend to the Attorney General that any forfeited money and the net proceeds derived from the sale of forfeited property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses, knowing that this plea will likely result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SINGH. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against SINGH.

No provision of this agreement shall preclude SINGH from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or

motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between SINGH and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: NAAZNEEN KHAN
Assistant U.S. Attorney

RYAN L. O'NEILL
Assistant U.S. Attorney

Approved:

JAMEL K. SEMPER
Chief, Violent Crimes

I have received this letter from my attorney, Jeffrey Lichtman, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Dhananjay Singh

DHANANJAY SINGH, a/k/a "Nitin Singh" Date: 2-14-20

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

JEFFREY ~~LICHTMAN~~ Einhorn, ESQ. Date: 2-14-20

Plea Agreement with DHANANJAY SINGH, a/k/a "Nitin Singh"

SCHEDULE A

1. This Office and SINGH recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and SINGH nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence SINGH within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and SINGH further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count One**
**Conspiracy to Commit Mail Fraud**

3. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is mail fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because conviction of the offense charged carries a statutory maximum term of imprisonment of twenty years or more.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(K) applies because the loss amount is more than $9,500,000 but not more than $25,000,000. This results in an increase of 20 levels.

6. This offense involved 10 or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). This results in an increase of 2 levels.

7. This offense involved receiving stolen property and SINGH was in the business of receiving and selling stolen property, pursuant to U.S.S.G. § 2B1.1(b)(4). This results in an increase of 2 levels.

8. This offense involved sophisticated means and SINGH intentionally engaged in or caused the conduct constituting sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(C). This results in an increase of 2 levels.

9. SINGH was the organizer or leader of criminal activity that involved five or more participants, pursuant to U.S.S.G. § 3B1.1(a). This results in an increase of 4 levels.

10. Therefore an offense level of 37 applies.

**Count Two**
**Conspiracy to Commit the Interstate Transfer of Stolen Property**

11. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is the interstate transfer of stolen property, the applicable guideline is U.S.S.G. § 2B1.1.

12. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 6 because conviction of the offense charged carries less than a statutory maximum term of imprisonment of twenty years or more.

13. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(K) applies because the loss amount is more than $9,500,000 but not more than $25,000,000. This results in an increase of 20 levels.

14. This offense involved 10 or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). This results in an increase of 2 levels.

15. This offense involved receiving stolen property and SINGH was in the business of receiving and selling stolen property, pursuant to U.S.S.G. § 2B1.1(b)(4). This results in an increase of 2 levels.

16. This offense involved sophisticated means and SINGH intentionally engaged in or caused the conduct constituting sophisticated means,

pursuant to U.S.S.G. § 2B1.1(b)(10)(C). This results in an increase of 2 levels.

17. SINGH was the organizer or leader of criminal activity that involved five or more participants, pursuant to U.S.S.G. § 3B1.1(a). This results in an increase of 4 levels.

18. Therefore an offense level of 36 applies.

**Grouping**

19. Counts One and Two group together pursuant to U.S.S.G. § 3D1.2(d).

20. The offense level for the Group comprised of Counts One and Two is that of the guideline that produces the highest offense level. U.S.S.G. § 3D1.3(b) and Application Note 3. Accordingly, the offense level after grouping for Counts One and Two is 37.

21. As of the date of this letter, SINGH has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if SINGH's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

22. As of the date of this letter, SINGH has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SINGH's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SINGH enters a plea pursuant to this agreement, (b) this Office in its discretion determines that SINGH's acceptance of responsibility has continued through the date of sentencing and SINGH therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SINGH's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

23. In accordance with the above, the parties agree that the total Guidelines offense level applicable to SINGH is 34 (the "agreed total Guidelines offense level").

24. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense is reasonable.

25. SINGH knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

26. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.